MORDECAI D. BOONE (Bar No. 196811)
mordecai.boone@dentons.com
STEPHANIE PEATMAN (Bar No. 299577)
stephanie.peatman@dentons.com
DENTONS US LLP
One Market Plaza
Spear Tower, 24th Floor
San Francisco, California 94105
Telephone:  (415) 267-4000
Facsimile:   (415) 267-4198

Attorneys for Defendant
**3M COMPANY**

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, BAKERSFIELD DIVISION

| | |
|---|---|
| SHIRLEY BROUSSARD,<br><br>             Plaintiff,<br><br>       v.<br><br>3M COMPANY, AS SUCCESSOR BY MERGER TO MINNESOTA MINING & MANUFACTURING COMPANY AND/OR ITS PREDECESSORS/ SUCCESSORS IN INTEREST,<br><br>             Defendants. | CASE NO. 1:16-cv-00462-LJO-JLT<br><br>**ORDER GRANTING IN PART PROTECTIVE ORDER CONCERNING 3M DOCUMENTS AND INFORMATION AS MODIFIED BY THE COURT**<br><br>**(Doc. 20)** |

## PROTECTIVE ORDER

In order to preserve and maintain the confidentiality of certain documents to be produced in this case by the Parties, it is ORDERED that the following Protective Order be ENTERED:

### Definitions

1. The term "Confidential Information" shall mean any document, including electronic documents, other tangible things or oral testimony that contains or reveals confidential, trade secret, proprietary and competitively sensitive information, which would harm 3M Company's ("3M") significant competitive and

business advantage in the marketplace if the information is disclosed.  A designating Party shall act in good faith in designating information as "Confidential Information," but a non-designating Party retains the right to dispute or challenge such designation as described in Paragraph 6 below.

2. A "Competitor" of 3M is defined as any company which designs, manufactures, sells, and/or distributes respiratory protection equipment.

3. The term "Qualified Person" shall mean:

   a. The Court and its official personnel, court reporters and translators;

   b. The Plaintiff and Plaintiff's counsel retained in connection with the above captioned case, and their clerical, litigation support and paralegal employees. Plaintiff's counsel may review information deemed confidential under this Protective Order with Plaintiff, and may discuss the contents of such Confidential Information with Plaintiff, provided however, Plaintiff may not obtain possession of any such documents designated as Confidential Information outside the presence of Plaintiff's counsel and shall not divulge such Confidential Information to any person who is not bound by the provisions of the Protective Order;

   c. Litigation support service providers, including photocopy or imaging services, graphic or visual aids, and jury consultants, PROVIDED that any such litigation service provider agrees to be bound by the provisions of the Protective Order by signing Exhibit A ("Declaration and Agreement to Be Bound");

   d. Testifying or consulting experts engaged by a Party or by Counsel for the Party, to assist in this litigation, PROVIDED that any such testifying or consulting expert agrees to be bound by the provisions of the Protective Order by signing Exhibit A;

   e. Defendant's outside Counsel of record retained in connection with the above captioned case, and their clerical, litigation support and paralegal employees;

   f. An in-house employee of Defendant in this action who is responsible for managing this litigation and who does not have responsibility for any competitive decision-making regarding respiratory protection, and who does not give and will not give, before final adjudication and destruction of all Confidential Information pursuant to Paragraph 18 herein, advice to the management of his or her employer regarding any competitive decision-making about respiratory protection, including but not limited to sales, marketing, pricing, product design, product development or research, PROVIDED that any such in-house employee agrees to be bound by the provisions of the Protective Order by signing Exhibit A;

   g. Any other person who is designated a "Qualified Person" by order of the Court or by written agreement of the Parties PROVIDED that any such person agrees to be bound by the provisions of the Protective Order by signing Exhibit A.

## Confidential Information Designation

4. Any document or other tangible thing that contains or reveals Confidential Information shall be labeled "Confidential" in such a manner so as not to obscure any writing or data appearing on such page. For a document, such marking shall appear on each page of the document that contains Confidential Information. Any document or other tangible thing marked "Confidential" and the information it contains or reveals shall be treated in accordance with the provisions of this Protective Order. Any Confidential Information not reduced to documentary or physical form or which cannot be conveniently labeled shall be so designated by a Party by serving a written notification on the receiving Party.

Further, certain "Confidential Information" such as social security numbers, addresses or any other information that would identify any individual in violation of his or her rights to privacy may be redacted from said Confidential Information.

5. A Party may designate information disclosed at any deposition as Confidential Information on the record during the deposition. If information is designated as Confidential Information during the deposition, the following steps shall be taken to identify, and mark the Confidential Information:

   a. The court reporter shall visibly mark the cover page of the deposition transcript as "Confidential: Subject to Protective Order." The videographer shall visibly mark any videotapes of such deposition as "Confidential: Subject to Protective Order."

   b. If information is designated as confidential on the record at the deposition, all such information shall be treated as Confidential Information until thirty (30) days after a transcript of the deposition is received by counsel for each Party.

   c. The designating Party shall serve within thirty (30) days of receiving the transcript a written notification identifying the specific pages and lines of the transcript that contain Confidential Information, or stating that no Confidential Information is contained herein. This written notification shall be served on the other Party, the court reporter, and the videographer. If the designating Party fails to provide such written notification within thirty (30) days, the information from the deposition initially will not be considered Confidential. However, if a designating Party fails to provide written notification within thirty (30) days, that ability to designate information as Confidential is not waived. The designating Party can later provide written notification concerning Confidential Information.

      d.    Any person in the possession, custody, or control of such deposition transcript shall attach a copy of such written notification to the face of the transcript.

### Challenges to Confidential Information Designation

6.    If a Party disputes or challenges the designation of any information as Confidential Information, either after the production of documents in response to discovery requests or during depositions as stated in paragraph 5 above, the Party may seek a Court Order that removes or alters the protections afforded such information under the provisions of this Order.  Such information shall nevertheless be treated as Confidential Information in accordance with the provisions of this Protective Order until such designation is removed by order of the Court or by written consent of the designating Party.  The Party challenging the designation must identify the challenged documents by Bates numbers.  If the number of challenged documents is large, the designating Party may require additional time for review, and either by agreement of the parties or from the Court, seek additional time.

### Use and Disclosure of Confidential Information

7.    Documents shall be produced to the other Party, regardless of whether they are marked Confidential.  Documents marked Confidential shall be treated as such under the terms of this Protective Order, but are not otherwise shielded from production.  Confidential Information shall not be shown, disseminated, or disclosed to any person other than a Qualified Person or to the Party who designated such Confidential Information, except as otherwise provided in this Protective Order.

8.    Confidential Information or information therein may not be disclosed (a) to anyone other than the Qualified Persons in paragraph 3 (b)-(g) who have signed Exhibit A in accordance with this Protective Order, or (b) in any case other than *Shirley Broussard vs. 3M Company*, United States District Court, Eastern

District of California, Case No. 1:16-cv-00462-LJO-JLT without approval of the Party producing the Confidential Information.

Notwithstanding the provisions above, should a Party wish to disclose a document identified as Confidential to a person, other than a Qualified Person, who may be employed by any present or potential Competitor, or a person who is consulting with any present or potential Competitor, as defined above, that Party shall first request, in writing, the Party producing the confidential documents for its consent for the requesting Party to disclose the confidential documents to the requesting Party's identified employee, employees, consultant or consultants. Such a request shall list the document for which disclosure is requested by Bates number. If no such consent is given within fourteen (14) days of the request, the requesting Party, with notice to the producing Party, may approach the Court, in camera, with copies of the documents to be disclosed and the curriculum vitae of the person to whom the documents are to be disclosed and obtain a ruling on whether the documents may be disclosed to that person.

9. Confidential Information shall be used solely for the purpose of this action and shall not be used for any competitive purpose.

10. No copies of materials designated Confidential shall be made except by or on behalf of counsel of record for the Parties.

11. Notwithstanding the other provisions of this Protective Order, the Parties may use Confidential Information at any deposition in this action pursuant to the following:

    a. The Confidential Information may only be disclosed to the deponent in the presence of Qualified Persons.

    b. Confidential Information may be disclosed by outside Counsel of the Parties, including Competitors, to corporate representatives or other witnesses of the Parties in order to prepare the corporate representative or witness for deposition or trial, provided such corporate representative or

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

witness agrees to be bound by the provisions of the Protective Order by signing Exhibit A.

  c. The Party using Confidential Information at the deposition shall notify the court reporter of this Protective Order.

  d. After time for correction of the deposition has expired, the court reporter shall not retain a copy of any Confidential Information, or material containing Confidential Information, but shall return such information to the designating Party within seven (7) days.  The Party using the Confidential Information has the responsibility of ensuring the reporter acts in accordance with this provision.

 12. (a) A document that contains or reveals Confidential Information may be shown at a deposition or otherwise to any person, including a current or former, employee of a Competitor, indicated in such document to be the originator, author, or recipient of the document or of the Confidential Information contained therein; or who is identified or discussed in the document; or any person who is an officer, director, or employee of the Party who designated such Confidential Information. Any witness to whom Confidential Information is disclosed under this subparagraph 12(a) shall be bound by the terms of this Protective Order and shall sign a copy of Exhibit A.

  (b) Should a document that contains or reveals Confidential Information be shown to a person at a deposition that is not the originator, author, recipient, officer, director, or employee of the Party who designated such Confidential Information, then such person shall also qualify as a "Qualified Person" and shall sign Exhibit A.

 13. Nothing in this Protective Order shall prevent disclosure of Confidential Information if the designating Party consents in writing to such disclosure.

## Inadvertent Production

14. The inadvertent failure by a Party to designate specific documents or material as containing Confidential Information shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials. Upon notice to the receiving Party of such failure to designate, the receiving Party shall cooperate to restore the confidentiality of the inadvertently disclosed information.

## Filing of Confidential Information

15. In the event that a Party wishes to use any Confidential Information in any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court, said Party shall ~~submit said information to the Court in a sealed envelope or other appropriate container at the time the Party files its pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court, and shall contemporaneously file a Motion with the Court requesting that such documents submitted in the sealed envelope or other appropriate container be filed under seal.~~

~~The sealed envelope or appropriate container shall:~~
~~a.   Show the caption of this action;~~
~~b.   Identify its contents;~~
~~c.   Identify the name of the filing Party; and~~
~~d.   Include the following legend: "CONFIDENTIAL INFORMATION FOR THE COURT'S REVIEW ONLY." "This envelope [or container] contains proprietary information.  This envelope [or container] was filed by [name of Party] and may not be opened, nor may its contents be displayed or revealed, except for use by the Court, or by court order or written stipulation of the parties."~~

~~This Protective Order does not prevent the use of Confidential Information at trial, nor does it prevent the filing of such Confidential Information under seal as~~

1  described above if such Confidential Information is used in support of pre-trial
2  motions and matters.  The use of Confidential Information in such situations will be
3  addressed on a case-by-case basis, if and when the need arises in the course of this
4  matter and in the manner described above. comply with Local Rule 141.

5        16.    This Protective Order shall not apply to the disclosure of Confidential Information at the time of trial through the receipt of Confidential Information into evidence as an Exhibit or through the testimony of witnesses.  This Protective Order does not address whether Confidential Information introduced into evidence shall be sealed or open to public inspection.  These issues may be taken up as a separate matter upon a motion by a Party.  If a Party intends to disclose any Confidential Information during the trial of this case, that Party shall give written notice to the Party producing such Confidential Information of such intent and shall identify such Confidential Information in its exhibit list to be filed pursuant to the Court's scheduling order so that such producing Party might take any steps it deems necessary to protect the confidential nature of such information that may be disclosed at trial.

**Applicability of Protective Order Post-Litigation**

17.   Upon final adjudication (including any appellate proceeding) of the claims at issue in this action, or upon such earlier order as the Court may enter pursuant to a duly noticed motion and hearing, the Clerk of the Court shall return to each Party all materials designated as Confidential that have been filed with the Court by that Party.

18.    Within ninety (90) days of the final adjudication (including any appellate proceedings) or other final disposition of the claims at issue herein, Counsel for the non-designating Party to this stipulation, unless otherwise agreed to in writing by an attorney of record for the designating Party, shall (1) assemble and return to counsel for the designating Party all designated materials in its possession, including all copies thereof, (2) assemble and return to counsel for the designating

Party all designated materials produced in this case that was made available to other Qualified Persons, (3) permanently delete and provide to counsel for the designating Party confirmation of deletion of designated materials and all designated materials incorporated into other documents, and all copies (including electronic copies) made thereof, including all documents or copies of documents provided by the party to any other person from all systems, applications, hard drives, servers, web-based or other storage repositories of any type, and (4) provide assurance to counsel for the designating Party that no steps will be taken at any time in the future to restore deleted designated materials and all documents containing information from designated materials, and that any inadvertent violation of this assurance and steps taken to remedy it will be promptly reported to the other party.

19. The provisions of this Protective Order shall survive and remain in full force and effect after the termination or other disposition of this litigation, including any appeals, or until otherwise expressly ordered by the Court.

**Breach of this Agreement**

20. Breach of this agreement may be punished by the contempt powers of this Court.

**Miscellaneous**

21. Counsel of record shall be responsible for maintaining a file of the Exhibit A executed by the Qualified Persons as designated in paragraph 3 (c)-(g). The file of the signed declarations shall be available for inspection by the Court.

22. Nothing in this Protective Order shall prejudice the right of a Party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality or privacy.

23. Nothing in this Protective Order shall prejudice the right of a Party to seek at any time a further order modifying this Protective Order.

24. In the event that a new Party is added, substituted, or brought into this litigation, this Protective Order will be binding on and inure to the benefit of the

new Party, subject to the right of the new Party to seek relief from or modification of this Protective Order.

25. Nothing contained in this Protective Order shall affect the right of the designating Party to disclose or use for any purpose the documents or information produced and designated by it as confidential.

26. This protective Order shall be binding upon all Qualified Persons.

# ORDER

Due to the changes made by the Court at paragraphs 15 and 17, the stipulated protective order is **GRANTED in PART**.

IT IS SO ORDERED.

Dated:   **January 6, 2017**                   **/s/ Jennifer L. Thurston**
                                                                   UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHIRLEY BROUSSARD,<br><br>    Plaintiff,<br><br>v.<br><br>3M COMPANY, AS SUCCESSOR BY MERGER TO MINNESOTA MINING & MANUFACTURING COMPANY AND/OR ITS PREDECESSORS/SUCCESSORS IN INTEREST,<br><br>    Defendants. | CASE NO. 1:16-cv-00462-LJO-JLT |

## EXHIBIT A

## DECLARATION AND AGREEMENT TO BE BOUND

I, _____ declare as follows:

My address is _____.

My present employer is _____, and the address of my present employer is _____.

I hereby acknowledge that I may receive information designated as confidential under the Protective Order of the Court in the above lawsuit, and I certify my understanding that such Confidential Information is provided to me pursuant to the terms and restrictions of the Protective Order in the above-captioned case, which is dated _____.

I further state that I have been given a copy of and have read the Protective Order, that I am familiar with its terms, that I agree to comply with and to be bound by each of the terms in the Protective Order, and that I agree to hold in confidence any Confidential Information disclosed to me pursuant to the terms of the Protective Order and understand that unauthorized disclosure of any Confidential Information, or its substance, may constitute contempt of this Court and may subject me to sanctions or other remedies that may be imposed by the Court.

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

- 12 -

PROTECTIVE ORDER CONCERNING 3M DOCUMENTS
AND INFORMATION - CASE NO. 1:16-cv-00462-LJO-JLT

To assure my compliance with the Protective Order, I hereby submit myself to the jurisdiction of this Court for the limited purpose of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

I understand that I am to retain all of the materials that I receive which have been designated as Confidential in a container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective Order; that I agree to protect such materials from inadvertent disclosure; that all such material are to remain in my custody until I have completed my assigned duties, whereupon, within thirty (30) days, they are to be returned to the Party who provided them to me; and that any materials, memoranda, work notes, or other documents derived from the documents designated as Confidential are to be delivered to the Party who provided the designated materials. Such delivery shall not relieve me from any of the continuing obligations imposed by the Protective Order. I further agree to notify any stenographic or clerical personnel assisting me of the terms of the Protective Order.

I declare under the penalty of perjury under the law of the State of California and the United States of America that the foregoing is true and correct.

Executed On: _____

By:                      _____