# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY BROUSSARD, | Case No.: 1:16-cv-00462 LJO JLT |
| Plaintiff, | ORDER DENYING STIPULATION TO AMEND THE CASE SCHEDULE |
| v. | (Doc. 22) |
| 3M COMPANY, et al., | |
| Defendants. | |

Counsel have filed a stipulation to amend the case schedule related to expert discovery. (Doc. 22) They agree, in essence, to delay their expert disclosures by 30 days and, rather than agreeing as to a deadline to complete expert discovery, they indicate only that they will supplement their experts' reports by April 7, 2017. Id. at 1-2. They offer no explanation for why they seek this amendment and do not demonstrate that they have exercised diligence in completing discovery within the deadlines currently in place.

The Court issued the scheduling order on June 27, 2016 after conferring with counsel as to the dates that would best move this case fairly and efficiently through completion. (Doc. 13) In issuing the case schedule, the Court ordered,

> **The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

Id. at 8, emphasis in the original. Despite this, the stipulation fails to demonstrate good cause to amend the case schedule. Good cause is shown by demonstrating the parties acted diligently to meet the deadlines in place. ". . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment). In part, the "good cause" standard requires the parties demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995).

Because the stipulation fails to address the good cause standard, the stipulation to amend the case schedule is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:  **January 12, 2017**          **/s/ Jennifer L. Thurston**
                                      UNITED STATES MAGISTRATE JUDGE