1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16

| | | |
|---|---|---|
| SHIRLEY BROUSSARD, | ) | Case No.: 1:16-cv-00462 LJO JLT |
| Plaintiff, | )<br>) | ORDER DENYING SECOND STIPULATION TO |
| v. | )<br>) | AMEND THE CASE SCHEDULE<br>(Doc. 24) |
| 3M COMPANY, et al., | )<br>) | |
| Defendants. | ) | |

17         Once again, counsel have filed a stipulation to amend the case schedule related to expert

18    discovery.  (Doc. 23)  Despite the Court previously reminding them of their obligation to demonstrate

19    good cause before the case schedule may be amended (Doc. 23), once again, they fail to do so (Doc.

20    24).

21         In the current stipulation, they state that there have been "unanticipated delays" in obtaining the

22    medical and employment records and, consequently, the defendant has chosen not to proceed with the

23    plaintiff's deposition.  (Doc. 24)  Counsel do not explain the nature of the "unanticipated delays,"

24    except to state that it relates in some undescribed manner to "unresponsiveness of providers" and

25    "unforeseen staffing issues[1]."  Id. at 1-2.  Also, missing from the stipulation are the dates the subpoenas

26    were issued.

27
28

---

[1] Whether this is staffing issues of the employers, counsel or the copying service, is not explained.

Notably, also, though counsel seek to amend the case schedule purportedly only as to expert discovery, they ignore that if the proposed schedule is adopted by the Court,  the parties will be unable to file non-dispositive motions related to expert discovery given the deadline for taking this action expires before the requested deadline to complete expert discovery.  Thus, the stipulation is **DENIED**.

The Court reminds counsel that in its previous order, it cited them to the applicable law and noted that counsel had failed to demonstrate that discovery to date has proceeded with diligence.  Nevertheless, counsel ignored these standards and did not describe the discovery completed to date.  Moreover, they provided no details related to the causes of the current situation.  For example, counsel did not address when the subpoenas issued, why they weren't issued earlier and when the responses were due.  They did not explain what action they took to obtain compliance with the subpoenas. They did not explain why the plaintiff's deposition or the independent medical examination could not proceed absent the records.  Rather, the stipulation seems to take great pains toward opacity.  Therefore, the Court concludes that counsel have not acted diligently in attempting to meet the current deadlines and attempt to disguise this through the deliberately vague stipulation.  The Court hopes that it is wrong in its conclusion, but counsel seem unwilling to demonstrate otherwise.

**Thus, any further stipulations to amend the case schedule that fail to address the applicable standards or the information sought by the Court will be summarily denied.**

IT IS SO ORDERED.

Dated:   **January 17, 2017**                           **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE