UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY BROUSSARD,<br><br>Plaintiff,<br><br>v.<br><br>3M COMPANY, AS SUCCESSOR BY MERGER TO MINNESOTA MINING & MANUFACTURING COMPANY AND/OR ITS PREDECESSORS/ SUCCESSORS IN INTEREST,<br><br>Defendant. | Case No.: 1-16-cv-00462-SEH<br><br>ORDER |

The Scheduling Order of June 27, 2016, required both parties to disclose experts on or before January 30, 2017, and rebuttal experts on or before February 27, 2017. (Doc. No. 13 at 3). Such disclosures were ordered to be in writing and in accordance with Fed. R. Civ. P. 26(a)(2), (A), (B), and (C). (*Id.*). The Scheduling Order of June 27, 2016, further provided that "[f]ailure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order." (*Id.*).

This Court issued an Order on March 2, 2017, which required, *inter alia*, both parties to file expert reports on or before March 10, 2017. (Doc. No. 30 at 2). Such reports were to comply with Fed. R. Civ. P. 26(a)(2)(A) and (B) and the Court's Order of March 2, 2017, and were to "include a separate statement of each opinion to be offered, specific identification of and source citations to the record to facts or data considered, referenced, or relied upon by the witness in forming the opinions expressed, and the bases and reasons for the opinions." (*Id.*). The Order of

1

March 2, 2017, further stated that "[a]n expert report is not required from a treating physician unless testimony to be offered will include opinions not expressed in medical records." (*Id.*).

Plaintiff filed a Supplemental Expert Designation, accompanied by 13 attachments, on March 9, 2017. (Doc. No. 36). The designation included reports from three retained experts: Frank Parker, Kenneth P. Ferra, and James S. Johnson.[1] The designation also listed six rebuttal experts: Christopher Leigh John, Richard W. Metzler, Gerald Markowitz, Jerrold Abraham, Richard Lemen, and Arnold R. Brody. Plaintiff did not file Rule 26(a)(2)(B) reports from any of the rebuttal experts.

Defendant filed its Expert Witness Disclosure, accompanied by two attachments, on March 10, 2017. (Doc. No. 37). The disclosures included reports from five retained experts: Robert Weber, Dennis J. Seal, Philip D. Eitzman, Jeffrey Golden, and Laura Fuchs Dolan.[2]

None of the reports filed by Plaintiff were prepared prior to the January 30, 2017, deadline established by the Scheduling Order of June 27, 2016. None existed on that date. All three reports failed to comply, at least in part, with the requirements of Fed. R. Civ. P. 26(a)(2)(B) and the Court's instructions contained in the Orders of June 27, 2016, and March 2, 2017.

None of the reports filed by Defendant were prepared prior to the January 30, 2017, deadline established by the Scheduling Order of June 27, 2016. None existed on that date. All five reports failed to comply, at least in part, with the requirements of Fed. R. Civ. P. 26(a)(2)(B) and the Court's instructions contained in the Orders of June 27, 2016, and March 2, 2017.

The Court conducted a status conference and hearing with counsel at 10:00 a.m. (PT) (11:00 a.m. (MT)) on April 4, 2017, via video conference with the Court participating from the Paul G. Hatfield Courthouse, Courtroom I, Helena, Montana, and counsel participating from the Robert E. Coyle Federal Courthouse, Courtroom I, Fresno, California. Plaintiff was represented by Michael B. Martin, Esq., and Stephen L. Backus, Esq. Defendant was represented by Mordecai D. Boone, Esq.

---

[1] The reports are dated as follows: Parker, February 27, 2017; Ferra, February 24, 2017; and Johnson, February 28, 2017.
[2] The reports are dated as follows: Weber, February 27, 2017; Seal, February 27, 2017; Eitzman, February 27, 2017; Golden, February 27, 2017, supplemented on March 10, 2017; and Dolan, March 10, 2017.

At the hearing of April 4, 2017, counsel for Plaintiff withdrew all six previously identified rebuttal experts, that is John, Metzler, Markowitz, Abraham, Lemen, and Brody.

No ruling or decision was made as to admissibility at trial of deposition testimony by Robert H. Schutz provided at other trials or in other proceedings.

Upon the record made in open court,

ORDERED:

1. The parties' retained experts disclosed in Docket Numbers 36 and 37, that is Parker, Ferra, Johnson, Weber, Seal, Eitzman, Golden, and Dolan, are excluded from offering testimony at trial on matters of opinion in this case.

2. Any party intending to offer testimony from a treating physician or physicians who will offer opinions not clearly expressed in his or her medical records shall file a Rule 26(A)(2)(B) report on or before April 14, 2017. Such reports shall fully comply with Fed. R. Civ. P. 26(a)(2)(B) and this Court's Order of March 2, 2017 (Doc. No. 30), except that the physician need not disclose compensation paid unless he or she is to be separately compensated for the study and preparation incident to preparation of the report. The reports shall include:

    a. A separate statement of each opinion to be offered.

    b. Specific identification of and source citations to the record to facts or data considered, referenced, or relied upon by the witness in forming each of the opinions expressed.

    c. A separate statement of the bases and reasons for each of the opinions.

All expert reports are to be complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify. An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even if the expert has been deposed.

If a treating physician is expected to limit his or her opinions to those clearly expressed within medical records generated by himself or herself, the party intending to offer such opinion testimony shall file the medical records containing the physician's opinions on or before April 14, 2017. Medical records shall be filed under seal if required by law.

3.  Each party shall file complete copies of the Fed. R. Civ. P. 26(a) initial disclosures which were served upon the opposing party on or before July 18, 2016.

DATED this 6th day of April, 2017.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge